UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUIS ALGARIN,

                Plaintiff,

    -against-

THE CITY OF NEW YORK and RAYMOND
KELLY, as Police Commissioner of the New York
City Police Department, each sued in their individual
and official capacity.

                Defendants.
-------------------------------------------------------------------X

12 CIV 1264

COMPLAINT WITH
JURY DEMAND

Docket No.:

JUDGE SWAIN

RECEIVED FEB 17 2012 U.S.D.C. S.D.N.Y. CASHIERS

        Plaintiff, LUIS ALGARIN, by and through his attorneys, the law firm of CRONIN & BYCZEK, LLP, as and for his Complaint against defendants, respectfully sets forth the following:

        1.    This action is hereby commenced for the purpose of seeking to secure protection of, and to redress the deprivation of, rights secured by the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, New York State Executive Law § 296, and New York City Human Rights Law § 8-107 et. seq., providing for relief based upon defendants' unlawful employment practices of engaging in discrimination based upon Plaintiff's race, national origin, retaliation and the creation of a hostile work environment.

## JURISDICTION

        2.    The jurisdiction of this Court is invoked based upon federal question and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e (15).

3. This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

4. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state claims set forth in all counts.

5. The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and provisions against gender discrimination and retaliation in employment based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, along with applicable provisions of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

6. On or about January 10, 2011, Plaintiff LUIS ALGARIN, in accordance with applicable law, filed a Verified Charge with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates Charges of Discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7. Said Verified Charge charged that defendants engaged in unlawful employment discrimination practices based upon race, national origin, retaliation for engaging in protected activity, and the creation of a hostile work environment.

8. On November 14, 2011, the EEOC issued a "Right to Sue" Letter advising Plaintiff of the completion of his prerequisites to file suit in federal court. Plaintiff received said "Right to Sue" Letter on November 17, 2011. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

9. A copy has been served on the authorized agent of the New York City

Human Rights Commission and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 and 8-107 of the New York City Administrative Code.

## VENUE

10. Venue is proper within the Southern District of New York, as the course of defendants' conduct took place within the boundaries of the Southern District, and the instant causes of action are based upon violations of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## PARTIES

11. Plaintiff, LUIS ALGARIN (hereinafter "Plaintiff"), is a male Hispanic of Puerto Rican descent and a citizen of the United States. At all times relevant to this action, Plaintiff was a uniformed member of the New York City Police Department where he served as a Lieutenant from February 20, 2002 until his retirement on June 23, 2010.

12. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal entity created and authorized under the laws of the State of New York. Defendant CITY is authorized by law to maintain a Police Department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

13. Defendant RAYMOND KELLY (hereinafter "KELLY") has been Police Commissioner of the New York City Police Department since January 2002 and was acting in such capacity at all times relevant herein; he is sued in his individual and official capacity.

14. Defendant KELLY as Police Commissioner is responsible for the approval of all disciplinary matters including, but not limited to, penalties and severity of discipline to all members of the New York City Police Department.

## FACTS

15. Plaintiff is currently a resident of the commonwealth Puerto Rico but while he was employed by the NYPD from 4/25/90 until his retirement on 6/23/10, Plaintiff was a resident of Bronx County, New York.

16. During Plaintiff's 20 years of service with the NYPD he never received so much as a Command Discipline nor less formal disciplinary Charges and Specifications until shortly before his retirement.

17. Plaintiff was appointed Sergeant on 10/30/98. Shortly thereafter Plaintiff was appointed to Lieutenant on February 20, 2002. As with all NYPD officers who have enjoyed an unblemished career Plaintiff expected to complete his employment with the NYPD and retire without incident.

18. Capt. Traynor, as Plaintiff's supervisor and Commanding Officer of Patrol Borough Bronx Task Force (hereinafter "BXTF"), authorized and approved all overtime.

19. During Plaintiff's entire tenure, the Standard Operating Procedure for the signing and approval of overtime slips is for the Integrity Control Officer (hereinafter "ICO") to sign all the overtime in the command for the Commanding Officer. No overtime was approved or signed by Plaintiff without the tacit approval of the Commanding Officer, Capt. Thomas Traynor.

20. On or about early 2008, Plaintiff complained to Capt. Traynor that Sgt. Stephen Barounis, a white male, was abusing overtime. Despite said complaint, Capt. Traynor never investigated Plaintiff's complaints against Sgt. Barounis and Capt. Traynor ordered Plaintiff, "leave him alone".

21. On or about March 2008, Plaintiff was replaced as the ICO of BXTF by Lt. Jose Medina. Plaintiff informed Lt. Medina of the abuse of overtime by Sgt. Barounis and Lt. Medina commenced an investigation. As a result, Sgt. Barounis' overtime was reduced.

22. On or about April or May 2008, Capt. Traynor removed Lt. Medina as ICO because of Medina's investigation of Sgt. Barounis. Lt. Medina reported to IAB his improper removal as the ICO by Capt. Traynor based on Lt. Medina's investigation of Sgt. Barounis due to Plaintiff's initial complaint of Sgt. Barounis.

23. Soon thereafter, someone from BXTF broke into the ICO's office and took Lt. Medina's investigation report and Plaintiff's memo book containing comments regarding Sgt. Barounis. To this date, said documents have not been recovered.

24. On or about August 2008, Sgt. Barounis filed an internal OEEO complaint with NYPD accusing Plaintiff and Lt. Medina with discrimination based on race (white) because he was denied overtime.

25. Following the investigation by IAB, it was found that Plaintiff had in fact worked all of the overtime for which Capt. Traynor directed Plaintiff to sign indicating Capt. Traynor's approval as the Commanding Officer. Furthermore, the investigation revealed that Plaintiff had "fulfilled his required duty of inspection of Sergeants' activity logs".

26. On or about June 22, 2009, just about the time that he was going to retire, Plaintiff was unjustly served for the first time in his career with Charges and Specifications alleging that he had: 1) failed to supervise a Sergeant under his command, to wit: Sgt. Stephen Barounis, a white male; and 2) improperly authorized and approved overtime reports including Plaintiff's own on behalf of his direct supervisor Capt. Thomas Traynor, also a white male.

27. At the time of the charges Plaintiff became aware that there was an ongoing Internal Affairs Bureau investigation/audit concerning the granting and approval of overtime in the BXTF where Plaintiff was assigned as the ICO.

28. The charges were brought against Capt. Thomas Traynor (white), and the midnight Lieutenant, who worked with Plaintiff, Lt. Kristin Batignani (white), Sgt. Stephen Barounis (white) and Plaintiff (Hispanic). The other three officers are white and **all** received reduced penalties. The midnight Lieutenant and Capt. Traynor were each offered a 10-day penalty. Sgt. Barounis was offered a 30-day penalty. While deeply disturbed that Plaintiff's fellow supervisors Traynor and Batignani were offered only 10 days, Plaintiff reluctantly accepted a 20-day penalty so as to not affect his scheduled retirement.

29. On March 16, 2010, although completely innocent of these retaliatory Charges and Specification, when Plaintiff was within 30 days of his retirement, Plaintiff was forced to negotiate a settlement of the charges to essentially admit wrongdoing so as to avoid any possibility of being terminated days before his 20 years vested pension (NYPD can terminate an officer right up until the final day of his/her 20th year anniversary. Termination on disciplinary charges would result in no fully vested pension).

30. The negotiated agreement signed by Assistant Department Advocate, Plaintiff and Plaintiff's lawyer. Defendant KELLY refused to accept the Negotiated Settlement.

31. Defendant KELLY did in fact approve the Negotiated Settlement of the white officers, Capt. Thomas Traynor, Lt. Kristin Batignani and Sgt. Stephen Barounis. All are white officers.

32. On April 23, 2010, Plaintiff was forced to accept a 60-day suspension and extend his retirement to June 23, 2010. As a result of this additional suspension, Plaintiff's retirement plans, including his relocation to Puerto Rico were adversely impacted financially and

Plaintiff was emotionally damaged. Plaintiff was also forced to forfeit 60 days which was a monetary equivalent of $25,000.00.

33. Upon information and belief, Plaintiff is not alone in that defendant KELLY and the NYPD harass and retaliate against Hispanic officers creating a hostile work environment.

34. In 2004, the NYPD settled a class-action lawsuit filed by the Latino Officer's Association against the City of New York, the NYPD, the Police Commissioner and other high-ranking officers of the NYPD, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for allegations of unfair discipline being given to minority police officers, LOA, et. al., v. City of New York, et. al., 99 Civ. 9568 (LAK).

35. As a result of these aforementioned acts, Plaintiff has been caused tremendous personal anxiety, health concerns, personal and professional embarrassment and has damaged his professional reputation. In addition, Plaintiff has suffered economic, physical, emotional and mental damages.

**AS AND FOR PLAINTIFF'S FIRST CLAIM
AGAINST DEFENDANT KELLY PURSUANT TO
VIOLATIONS OF 42 U.S.C. § 1983**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants are in violation of 42 U.S.C. § 1983, which authorizes this Court to redress the deprivation of rights, privileges and/or immunities secured by the United States Constitution that occur under color of state law.

38. Throughout the events recited herein, defendants, while acting under color of law, subjected Plaintiff to the deprivation of rights, privileges and immunities secured by the

Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution and Civil Rights as guaranteed under Article I, Section II of the New York State Constitution, based on Plaintiff's race, national origin, retaliation and the creation of a hostile work environment, in violation of 42 U.S.C. § 1983.

39. As a result, Plaintiff has been deprived of his Constitutional Rights, been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions. The actions of defendants in depriving Plaintiff of his constitutional rights, as hereinbefore stated, were willful and malicious.

40. As a result of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) plus legal expenses. As a result of defendants' actions, Plaintiff has suffered economic loss and continues to suffer to this day.

### AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT AS AMENDED, BASED UPON RACE

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants discriminated against Plaintiff by engaging in severe and pervasive activities constituting race discrimination, including, but not limited to, engaging in, condoning and tolerating unfair and racially motivated disciplinary actions against Hispanics and other minorities within the NYPD and discrimination against Plaintiff with respect to the terms,

conditions and privileges of his employment. The cumulative effect of defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

43.     The named defendants condoned, tolerated and undertook these unlawful actions while acting in their individual and professional capacities as Plaintiff's supervisors.

44.     By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

45.     As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment with defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

46.     Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

## AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON RETALIATION

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48.     Based upon the above, Plaintiff was discriminated against by defendants by being forced to endure continued and repeated harassment.

49.     The defendant intentionally and willfully harassed Plaintiff and permitted Plaintiff to be harassed in employment by retaliating against Plaintiff for exercising his lawfully protected right to formally complain of defendants' discrimination. Defendants retaliated against

Plaintiff by denying him of the conditions, terms and privileges of his employment. The cumulative effect of defendants' conduct created an abusive, offensive and contaminated work atmosphere.

50. By engaging in the acts set forth in the preceding paragraphs, the named defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-3 (a).

51. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment with defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

52. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON HOSTILE WORK ENVIRONMENT

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to offensive and derogatory comments, unwarranted criticisms and complaints, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist said discrimination and harassment.

55. The named defendants acted in their individual and professional capacities. No significant action was taken by defendant CITY to stop the harassment of Plaintiff, thereby contributing to a hostile work environment.

56. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2 for which they are liable.

57. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from his employment with defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

58. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RACE

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, in their individual and professional capacities, discriminated against Plaintiff based upon his race by treating similarly situated non-Hispanic employees more favorably. The cumulative effect of defendants' conduct created an abusive, offensive and contaminated work atmosphere.

61. Named defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

62. As a result of defendants' race discrimination, Plaintiff suffered significant adverse employment actions.

63. By engaging in the acts set forth in the preceding paragraphs, the named defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(a).

64. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment with defendants; the denial of a safe and hostile free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

65. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### AS AND FOR PLAINTIFF'S SIXTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RETALIATION

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants engaged in activities constituting retaliation against Plaintiff for his complaints, and in opposition to the harassment and race discrimination of Plaintiff, including, but not limited to, subjecting Plaintiff to derogatory comments and hostility, unwarranted criticisms and complaints, embarrassment and humiliation in front of other employees, and refusing to respond to Plaintiff's demands to cease and desist the discrimination and harassment. The named defendants, in their individual and professional capacities, retaliated

against Plaintiff because she opposed practices made unlawful by New York Law Executive Law § 296.

68. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296 (1) for which they are liable.

69. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from his employment with defendants and the embarrassment, humiliation and mental and emotional distress and financial loss suffered as a consequence of defendants' actions.

70. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW §296 BASED UPON HOSTILE WORK ENVIRONMENT

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to unwanted criticisms and complaints, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist said discrimination and harassment.

73. The named defendants acted in their individual and professional capacities.

74. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296 (1) for which they are liable.

75. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from his employment with defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

76. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON HOSTILE WORK ENVIRONMENT

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants engaged in activities that created a hostile working environment for Plaintiff based upon defendants' continuous and persistent harassment of Plaintiff, defendants' discriminatory behavior based upon Plaintiff's race and ethnicity and in retaliation for Plaintiff's lawful exercise of his First Amendment Rights, and defendants' refusal to respond to Plaintiff's demands to cease and desist.

79. The named defendants acted in their individual and professional capacities.

80. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

81. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges rising from his employment with defendants, and also the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

82. Because of the foregoing Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### AS AND FOR PLAINTIFF'S NINTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RACE

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants discriminated against Plaintiff by engaging in activities constituting race discrimination, including, but not limited to, condoning, tolerating and engaging in discriminatory conduct against Plaintiff with respect to the terms, conditions and privileges of his employment because of his race and national origin.

85. Defendants discriminated against Plaintiff by engaging in activities constituting discrimination based upon Plaintiff's race and national origin, including but not limited to: condoning, tolerating and engaging discriminatory behavior.

86. The named defendants, condoned, tolerated and undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

87. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

88. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from his employment with defendants and has suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of the defendants' actions.

89. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

### AS AND FOR PLAINTIFF'S TENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RETALIATION

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendants engaged in retaliatory activities against Plaintiff for his complaints and objections to the discrimination based upon race, national origin, including but not limited to, derogatory comments, unwarranted criticisms, complaints, embarrassment and humiliation in front of other employees, and refusing to respond to Plaintiff's demands to cease and desist.

92. The named defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

93. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

94. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his

employment with defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

95. Because of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. Declaring that the aforementioned discriminatory actions of defendants are unconstitutional, and are in violation of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, the New York State Constitution, the New York State Executive Law § 296, and the New York Civil Rights Law §8-107;

2. Granting Plaintiff money damages in the amount of no less than TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) in compensatory damages or in an amount to be proven at trial for each cause of action;

3. Granting Plaintiff, TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) in punitive damages;

4. Granting Plaintiff injunctive relief;

5. Granting Plaintiff all costs for this action, including reasonable attorneys fees incurred by Plaintiff; and

6. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated: February 16, 2012
      Lake Success, New York

                                            Yours, etc.

**CRONIN & BYCZEK, LLP**
*Attorneys for Plaintiff*
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700

By: _/s/ Rocco G. Avallone_
Rocco G. Avallone (RA8055)

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Luis Algarin<br>Po Box 1226<br>Isabela, PR 00662 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-01065 | Jeanette P. Wooten, Investigator | (212) 336-3753 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kevin J. Berry*   11/14/11

Enclosures(s)

Kevin J. Berry,
District Director

(Date Mailed)

cc:   NYPD
Attn: Director Human Resouces
1 Police Plaza
Room 1406 - Legal Bureau
New York, NY 10007

Linda M. Cronin, Esq.
1983 Marcus Avenue
Suite C-120
Lake Success, NY 11042