UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

LUIS ALGARIN,

        Plaintiff,

-v-                                            No. 12 Civ. 1264 (LTS)

THE CITY OF NEW YORK and RAYMOND
KELLY, as Police Commissioner of the New
York City Police Department, each sued in their
individual and official capacity,

        Defendants.

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 10 2012

## MEMORANDUM OPINION AND ORDER

        Plaintiff Luis Algarin ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1983 ("§ 1983"), New York State Executive Law § 296 ("NYSEL"), and New York City Human Rights Law § 8-107 et seq. ("NYCHRL"), asserting claims of racial discrimination and creation of a hostile work environment against Defendants the City of New York and Police Commissioner Raymond Kelly (collectively, "Defendants"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The Court has reviewed thoroughly all of the parties' submissions and, for the following reasons, Defendants' Motion to Dismiss the Complaint is granted.

BACKGROUND

The following recitation of material facts is drawn from the Complaint, the factual allegations of which are taken as true, and from documents integral to that Complaint. Plaintiff Luis Algarin, an Hispanic male, was a Lieutenant in the New York Police Department ("NYPD"). (Compl. ¶ 17.) In addition to his duties as Lieutenant, Plaintiff served as the Integrity Control Officer ("ICO") for his task force. (Id. ¶ 19.) A principal duty of the ICO is to sign and approve overtime slips. (Id.) Plaintiff's commanding officer, Captain Traynor, a white male, "authorized and approved all overtime," and "tacitly" approved all overtime that was approved and signed by Plaintiff. (Id.) In early 2008, Plaintiff complained to Captain Traynor that an officer under Plaintiff's supervision, Sergeant Stephen Barounis ("Barounis"), a white male, was abusing overtime. (Id. ¶ 20.) Traynor told Plaintiff to "leave Barounis alone" and never investigated Plaintiff's complaint. (Id.) Plaintiff was subsequently replaced as the ICO by Lieutenant Jose Medina. (Id. ¶ 21.) Lt. Medina investigated Barounis' overtime. Barounis' overtime was reduced as a result, and Captain Traynor removed Medina from the ICO position. (Id. ¶ 22.)

Following an Internal Affairs Bureau ("IAB") investigation concerning overtime approval, Plaintiff was served in June 2009 with "Charges and Specifications" alleging that he had failed to supervise a Sergeant under his command (i.e., Barounis) and improperly authorized and approved overtime reports, including Plaintiff's own. (Id. ¶¶ 26-27.) Charges were also brought against Capt. Traynor, Lt. Kristin Batignani ("Batignani"), and Sgt. Barounis, all of whom are white. (Id. ¶ 28.) Each officer allegedly involved was offered a settlement whereby each individual would be suspended for a particular period of time. Batignani and Traynor were each offered a 10-day suspension; Barounis, a 30-day suspension; and Plaintiff, a 20-day

suspension. (Id.) As Police Commissioner, it was Defendant Kelly's responsibility to finally approve all disciplinary matters, including penalties against NYPD officers. (Id. ¶ 14.) Commissioner Kelly approved each suspension offered to the white officers, but rejected the penalty offered to Plaintiff, an Hispanic officer. (Id. ¶ 30-31.) Plaintiff was forced to re-negotiate the settlement and accept a 60-day suspension. (Id. ¶ 32.)

Plaintiff alleges that his penalty was more severe than the other officers' penalties because the other officers are white and Plaintiff is Hispanic. Plaintiff asserts that this disparity constitutes unlawful employment discrimination based on race in violation of Title VII, § 1983, New York State Executive Law § 296, and New York City Human Rights Law § 8-107 et seq. Plaintiff also asserts that Defendants' actions towards him and other officers at the NYPD created a hostile work environment in violation of New York State Executive Law § 296, and New York City Human Rights Law § 8-107.[1] Plaintiff further alleges, "on information and belief," that "Plaintiff is not alone in that [Defendants] harass and retaliate against Hispanic officers creating a hostile work environment." (Id. ¶ 33.) To support this contention, Plaintiff avers that, in 2004, the NYPD settled a lawsuit brought by the Latino Officer's Association in which the allegations concerned "unfair discipline being given to minority police officers." (Id. ¶ 34.)

## DISCUSSION

In deciding a motion brought pursuant to Rule 12(b)(6), the court accepts as true

---

[1] Plaintiff originally brought retaliation claims under Title VII, § 1983, NYSEL, and NYCHRL as well as claims under Title VII and § 1983 for creation of a hostile work environment. Plaintiff voluntarily withdrew those claims in response to the instant Motion to Dismiss. (Pla. Opp. Mot. to Dismiss at 7, Points III and IV).

the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Swiatkowski v. Citibank, 446 Fed. Appx. 360, 360-61 (2d Cir. 2011); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Title VII - Race Discrimination Claim

Defendants argue that the Complaint does not state a claim for unlawful race discrimination under Title VII because Plaintiff fails to allege sufficient facts from which discriminatory motive can be inferred, since Plaintiff's allegation of discrimination is based on the disparity between his treatment and that of the white officers, and Plaintiff fails to demonstrate that he was similarly situated to the white officers involved in the Internal Affairs Bureau investigation. While there are no heightened pleading standards for employment discrimination claims, a "complaint must nevertheless allege the essential elements of an employment discrimination claim, including discrimination on the basis of protected status." Perry v. N.Y. Dep't of Labor, No. 08 Civ. 4610, 2009 WL 2575713, at *3 (S.D.N.Y. Aug. 20, 2009); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). To survive a motion to dismiss, Plaintiff must "set forth factual circumstances from which discriminatory motivation can be inferred," which may include facts suggesting preferential treatment given to similarly situated individuals, or remarks that convey discriminatory animus. See Perry, 2009 WL 2575713, at *3.

When "considering whether a plaintiff has raised an inference of discrimination by showing that [he] was subjected to disparate treatment . . . the plaintiff must show [he] was similarly situated <u>in all material respects</u> to the individuals with whom [he] seeks to compare [himself]." <u>Malcom v. Honeoye Falls Lima Cent. Sch. Dist.</u>, No. 11 Civ. 1894, 2012 WL 1918427 at *1 (2d Cir. May 29, 2012) (quoting <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 39 (2d Cir. 2000)) (emphasis added). To be similarly situated in "all material respects," Plaintiff must show that his "co-employees were subject to the same performance evaluation and discipline standards" and that "the conduct for which the employer imposed discipline was of comparable seriousness." <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 39-40 (2d Cir. 2000). Plaintiff's Complaint lacks any allegations of facts from which the Court could infer that the other officers' misconduct was of comparable seriousness to his. Plaintiff identifies the other officers as subjects of charges arising from the same overtime abuse situation, but neither specifies the charges against the other officers nor alleges that any of the other officers had ICO responsibilities and signed and approved their own overtime reports as well as inaccurate reports by other personnel. Under these circumstances, the difference in racial background between Plaintiff and the other officers is insufficient to provide the requisite plausible factual basis for an inference of prohibited discrimination.

Additionally, the Complaint is "silent as to any discriminatory purpose or motivation directed toward" the Plaintiff. <u>Perry</u>, 2011 WL 2575713, at *3. Plaintiff's conclusory information-and-belief allegation of hostility toward Hispanic officers and his reference to the 2004 settlement of discrimination charges against New York City and the Police Department are insufficient to provide the missing nexus. The Complaint fails to allege any facts demonstrating similarities between the particular conduct giving rise to the 2004 lawsuit

and the claims at issue in this litigation, other than alleging that the earlier litigation involved "allegations of unfair discipline." (Compl. ¶ 34.) Moreover, Plaintiff does not even allege whether the defendants in the 2004 lawsuit admitted any wrongdoing. Accordingly, the fact of the 2004 settlement does not render Plaintiff's conclusory allegations of discrimination more plausible.

Plaintiff contends in his Opposition that the Complaint satisfies the pleading standards for employment discrimination claims set forth in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). In Swierkiewicz, the plaintiff alleged that he was discriminated against on the basis of age and national origin. Swierkiewicz, 534 U.S. at 508. To bolster his allegations, the Swierkiewicz plaintiff provided facts from which the court could reasonably infer that the adverse employment actions taken against him were taken for discriminatory reasons. For example, he alleged that his supervisor, a French man, told petitioner, a 53-year old Hungarian, that he "wanted to 'energize' the underwriting department" and appointed a 32-year old French man with only one year of experience compared to the petitioner's 26 years in the industry. Id. at 508. Unlike the complaint in Swierkiewicz, Plaintiff's Complaint proffers only the conclusion, i.e., that he was discriminated against, without underlying factual allegations indicating unlawful discriminatory motive.

Section 1983 - Race Discrimination Claim

Section 1983 claims alleging discrimination are evaluated under the same standard as discrimination claims brought under Title VII. See Cunningham v. N.Y. State Labor Dep't of Labor, 326 Fed. Appx. 617, 620 (2d Cir. 2009) (citing Feingold v. N.Y., 366 F.3d 138, 159 (2d Cir. 2004)); Cortes v. City of New York, 700 F. Supp. 2d 474, 487 (S.D.N.Y. 2010).

Plaintiff's Section 1983 claim alleging race discrimination fails for the same reasons that his Title VII claim fails.

### New York State Executive Law § 296 and New York City Human Rights Law § 8-107 - Race Discrimination and Hostile Work Environment Claims

Because the Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiff's state- and city-law claims for race discrimination and creation of a hostile work environment under the NYSEL and the NYCHRL. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (noting that "judicial economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims" when federal-law claims are eliminated before trial); Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (holding the exercise of supplemental jurisdiction inappropriate if federal-law claims are dismissed before trial).

### Request for Leave to Amend the Complaint

In the final sentence of his opposition to Defendants' Motion to Dismiss, Plaintiff requests permission for leave to file an amended Complaint. Paragraph A2b(iii) of the Individual Practice Rules of the undersigned provides:

> Within seven (7) days after a motion pursuant to Rule 12(b)(6) or 12(c) is filed, the non-moving party must make, by letter delivered to Chambers and copied to all parties via fax or hand delivery, any request for leave to amend (further) in response to the motion or state that it will file its opposition to the motion without further amendment. If no letter is submitted to the Court within seven (7) days, the motion will be briefed in accordance with Local Civil Rule 6.1. If leave to amend is requested, briefing on the motion is stayed pending the Court's resolution of the request. No further opportunity to amend the challenged pleading in light of arguments raised in the motion will be granted, whether or not the non-moving party seeks leave to amend in response to the motion.

Plaintiff did not request leave to amend within seven days after the motion was filed. Additionally, Plaintiff's request to amend his Complaint contains no indication of what additional facts or information an amended complaint would contain, or what bearing any such facts would have on Plaintiff's claims. Accordingly, Plaintiff's request for leave to amend the Complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint is granted. Plaintiff's request for leave to amend the Complaint is denied. This Memorandum Order resolves docket entry nos. 15 and 17. The Clerk of Court is requested to enter judgment in Defendants' favor and close this case.

SO ORDERED.

Dated: New York, New York
       October 10, 2012

LAURA TAYLOR SWAIN
United States District Judge